LAGAGE, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*November 12 — November 26, 1895.*

*Railroads: Injury to brakeman coupling cars: Negligence of engineer: Evidence: Co-employees: Contributory negligence.*

1. In an action for personal injuries sustained by a brakeman while coupling cars by reason of the high rate of speed with which the moving cars met the stationary cars to which they were to be coupled, the evidence, showing that the moving cars had been kicked down the track and were entirely detached from the engine when plaintiff signaled the engineer to slow down, is *held* not to sustain a verdict to the effect that the injury was caused by the negligence of the engineer in not obeying the signals.

2. The failure of the head brakeman to ride the cars which had been so kicked down the track, so as to control their speed by the use of the brake, was the negligence of a co-employee, for which there could be no recovery.

3. *It would seem* from the evidence that, when the plaintiff saw that his signals to slow down had not been obeyed, he was himself guilty of contributory negligence in attempting to make the coupling.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

The complaint alleges, in effect, the incorporation of the defendant, and the owning and operating of its line of railway through the state; that on and prior to March 3, 1890, the plaintiff was engaged as brakeman on one of the defendant's freight trains; that while so engaged, on the day and year last named, at about 8 o'clock in the evening, at Marinette, it became the duty of the plaintiff to make a coupling of the moving portion of the defendant's train to the portion of its train standing upon its line of road at said place; that it became and was the duty of the engineer to hold and control his engine and the cars thereto attached while moving towards the portion of the train standing upon its track, and

Lagage vs. Chicago & Northwestern R. Co.

to move the same as it approached said standing portion of said train pursuant to signs given by the plaintiff, so as to enable the plaintiff to make the coupling of such moving and standing portions of the train in safety; " that the defendant's engineer carelessly, negligently, and recklessly failed to hold or control said cars or moving portion of said train with his engine or otherwise, and negligently and recklessly failed to observe or obey the signals given him by plaintiff for the movement thereof; that as said cars or moving portion of train approached to the cars or portion of train standing upon said track, the plaintiff gave to the engineer the proper signals for the movement thereof, and stepped on defendant's track, and between the two parts or portions of its train, to make said coupling, as it was his duty to do; that the said engineer recklessly and negligently failed to hold and control, *but instead kicked and shunted,* the cars or moving portion of said train with great force and violence towards and against the standing portion of said train, so as to make the coupling which plaintiff was required to make extremely and unreasonably and unnecessarily hazardous and dangerous; that the plaintiff, while making said coupling in the exercise of ordinary care, had his right hand caught and crushed between the bumpers of the cars, so that it became necessary to amputate the fingers thereof," for which injury he claims damages.

The answer consists of admissions and denials, and alleges contributory negligence on the part of the plaintiff.

At the close of the trial the jury returned a special verdict to the effect: (1) That the plaintiff's hand was injured because the moving car met the stationary moving at so high a rate of speed that the plaintiff had not time to withdraw his hand from between the ends of the drawbars after guiding the link to its proper place; (6) that the engineer was guilty of negligence which caused or contributed to the plaintiff's injury; (7) that such negligence consisted in not

Lagage vs. Chicago & Northwestern R. Co.

·obeying the signals; (8) that the plaintiff did see how the moving car was approaching the stationary car when he went between the cars to make the coupling; (9) that a man of ordinary care, caution, and intelligence would have relied upon the engineer stopping the speed of the car so as to have made it safe to make the coupling; (10) that the plaintiff was not guilty of any want of ordinary care which contributed to his injury; (11) that the amount of the plaintiff's damages was $5,000.

The court thereupon ordered judgment on said special verdict in favor of the plaintiff for the amount so found by the jury, and costs. From that judgment the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

For the respondent there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin*. They contended, *inter alia*, that plaintiff is not guilty of contributory negligence as matter of law, even though he realized the rate of speed at the instant he took hold of the link to make the coupling and erred in his estimate of the danger confronting him. *Goodrich v. N. Y. & H. R. R. Co.* 15 Am. St. Rep. 410, 116 N. Y. 398; *Schultz v. C. & N. W. R. Co.* 44 Wis. 638; *Gumz v. C., St. P. & M. R. Co.* 52 id. 672; *Stackman v. C. & N. W. R. Co.* 80 id. 428; *Lawson v. C., St. P., M. & O. R. Co.* 64 id. 447. The distinction between this case and *Kennedy v. L. S. T. & T. Co.* 87 Wis. 29, and *Norfolk & W. R. Co. v. Cottrell,* 83 Va. 512, there cited, is obvious. In both those cases the plaintiff knew and fully realized, from the instant he gave his signal to the instant he made the coupling, that his signal was being disobeyed, and fully appreciated the rate of speed, as in each case he accompanied and moved ahead of the moving section of the train to the point of coupling.

CASSODAY, C. J.    It is contended that the verdict in favor
of the plaintiff is contrary to the allegations of the com-
plaint, thus alleged, and to the undisputed evidence in the
case.    The plaintiff testified to the effect that the freight
train upon which the plaintiff was acting as rear brakeman
at the time of the injury reached Marinette from the south
about 7:40 P. M.; that it stopped upon the main line, on
the west side of the depot; that a portion of the train was
then cut off by the plaintiff, and the same was then run
north past a switch, which was thrown by the head brake-
man, and the same was then backed down upon a sidetrack
on the east side of the depot, upon which a number of freight
cars were standing; that the plaintiff then coupled five or
six of the cars so standing on the sidetrack to the five or
six cars attached to the engine, and then gave the engineer
the signal to pull ahead, which he did, thus moving all the
cars so attached to the engine north beyond the switch men-
tioned; that the head brakeman rode those cars north to
the switch, and then got off; that when the last of those
cars had passed north beyond the switch, that switch was
again thrown by the head brakeman, and both brakemen
signaled the engineer to back down upon the main line, and
he did so at quite a rapid rate of speed; that in the mean-
time the plaintiff passed back to the north end of the portion
of the train which had been left standing on the main line,
for the purpose of coupling the same to the cars thus taken
from the sidetrack and to be pushed down to it; that just
north of the north end of the portion of the train so left
standing on the main track was the street crossing, and
about eighteen car-lengths north of such crossing was the
switch mentioned; that, after signaling the engineer as to
the number of car-lengths between the south end of the
coming cars and the north end of the portion of the train so
standing upon the main track, and when they were seven or

eight car-lengths therefrom, observing that the coming cars were moving rapidly, he signaled the engineer to slow down, and, relying upon his doing so, he stepped to the north end of the cars so standing upon the main track to make the coupling; that he saw the pin was properly on the drawbar of the standing car, and the link was in its place on the coming car; that he made the coupling all right, but in doing so, and owing to the rapid rate the moving car came upon him, his hand was caught between the two drawbars and badly injured; that he immediately stepped out from between the cars, and looked to see what was coming, and observed that the engine was not attached to the cars which thus came down upon him; that the pin had been pulled when he so gave the signal to slow down, and the cars were kicked down upon him, and that the space between the cars so kicked down and those attached to the engine was two or three car-lengths, as he found out after he was so hurt; that he always claimed that the pin was pulled and the cars came back separate from the locomotive,— and were kicked down or backed down upon him; that he was about thirty years of age; that the rearmost or southern portion of the cars so taken from the sidetrack were to be put in the train on the main line to go north, and the others were to be put back on the sidetrack; that for the purpose of doing those things it was necessary to cut off the cars so going north, and let them slide down on the main track to the cars so standing thereon, and then for the engine to go north, and, after the switch was thrown, send the other cars, not going north, back upon the sidetrack; that to do so the head brakeman ought to have ridden the cars so kicked down for the purpose of regulating the speed thereof, but he did not. The plaintiff also gave in evidence a rule of the company that "cars must never be backed at stations and in freight yards, or pushed ahead of an engine, unless there is a man on the forward car, or on the ground ahead of the forward car, to

see that the way is clear and give signals;" and also another rule that "flying switches may be made when absolutely necessary, but never without a brakeman on the front end of the cars which are being switched."

The question recurs, whether such evidence sustains the verdict. As indicated, the jury found, in effect, that the engineer was guilty of negligence in not obeying signals, and that such negligence caused or contributed to the injury. Such negligence of the engineer is the only negligence alleged in the complaint. And yet it is manifest from the portion of the complaint quoted in the foregoing statement, as well as the undisputed evidence mentioned, that the moving cars which the plaintiff so coupled onto the cars so standing upon the main track had been kicked down upon that track, and were entirely separate and disconnected from the balance of the train or any of the cars attached to the engine, and must have been before the signal to slow down was so given by the plaintiff. This being so, it was utterly impossible for the engineer to obey such signals, and hence he could not be guilty of negligence in failing to do so. Besides, it is manifest from the plaintiff's evidence that the northern portion of the cars so taken from the sidetrack were not to be taken north by that train, but were to be put back on that sidetrack after the others which were to go north had been kicked down on the main track, as indicated, and so that the engineer's conduct was in strict harmony with the object they were all engaged in accomplishing.

The only negligence on the part of the defendant's servants disclosed by the evidence is the failure of the head brakeman to get upon and ride the cars so kicked down on the main track, and control their speed by the use of the brake thereon. But such negligence of the head brakeman is not alleged in the complaint. *Albrecht v. M. & S. R. Co.* 87 Wis. 105. Had it been alleged and proved, it would simply have been the negligence of a co-employee, and, as

such co-employee is not expressly named in ch. 438, Laws of 1889 (sec. 1816a, S. & B. Ann. Stats.), it is quite certain there could not have been a recovery.

Besides, it would seem that when the plaintiff saw that his signal to slow down had not been obeyed, he was himself guilty of contributory negligence in attempting to make the coupling with cars moving as rapidly as he testifies these were at the time. *Kennedy v. L. S. T. & T. Co.* 87 Wis. 28.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.